**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


DERRICK ALLEN,                      )
                                    )
                Plaintiff,          )
                                    )
                                    )          1:19cv794
                v.                  )
                                    )
GOVERNOR ROY COOPER, et al.,        )
                                    )
                Defendants.         )


**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems.  Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants.  In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Id.[1]  The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint.  Nasim, 64 F.3d at 955.

## BACKGROUND

Asserting claims under "42 U.S.C. § 1983" for "[v]iolation[] of [his] constitutional [r]ights . . . [under the] 8th, 5th, 6th, 7th, and 14th [A]mendment[s]," Plaintiff initiated this action against four defendants:  (1) "Governor Roy Cooper" ("Governor Cooper"), (2) "Roy Lee Guy" ("Defendant Guy"), (3) "The Office of Executive Clemency," and (4) "Laura Dian Loewe" ("Defendant Loewe").  (Docket Entry 2 at 1-3.)  The Complaint's statement of claim states in its entirety:

> [Plaintiff] ha[s] a pending [p]ardon of innocence with the Governor's office; Case # P-17-0009. [Plaintiff] was wrongfully incarcerated for offenses 98crs5208, 98crs7980 & 98CRS7979. [ ] Since released from [p]rison and/or Durham County Jail; [Plaintiff] ha[s] been subject to

---

[1]  Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

cr[ue]l and un[]usual circumstances such as homelessness,
employment discrimination, [Plaintiff's] name has been
slander[ed] endlessly and [Plaintiff is] continuously
harassed by police and locked while at school – pastence
[sic], and charges end up dismissed which leaves
[Plaintiff] wors[e] off. [Plaintiff] ha[s] written
letters and too called Gov[e]rnor[] Cooper['s]
administration voi[c]ing [his] concerns and yet to no
avail[. Plaintiff] ha[s] also been the victim of
insurance fraud[ ] at the hand of the police[ in
D]urham[,] or so it appears[.]

(Id. at 4.) The Complaint also alleges that Plaintiff has "been

subjected to housing discrimination, employment discrimination,

slander/libel and [m]ore" (id. at 5), and further requests

"compensat[ion] for [] mental anguish and punitive damages in

accordance with federal law or simply for [his] pardon of innocence

to be granted" (id. at 6).

**DISCUSSION**

**I. The Office of Executive Clemency**

As an initial matter, the Office of Executive Clemency does

not qualify as a "person" subject to suit under 42 U.S.C. § 1983.

In that regard, to state a claim for relief under Section 1983,

Plaintiff must assert "that [he was] deprived of a right secured by

the Constitution or laws of the United States, and that the alleged

deprivation was committed under color of state law." <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).[2]

The Office of Executive Clemency falls within the North Carolina Department of Public Safety (<u>see</u> Docket Entry 2-1 at 1), a state agency. "[T]he state and its agencies are not persons acting under state law." <u>Shelton v. Crookshank</u>, No. 3:17CV108, 2018 WL 527423 (W. Va. Jan. 24, 2018) (unpublished) (internal citation omitted) (dismissing Section 1983 claims against state agencies including office of state's governor), <u>aff'd</u>, 742 F. App'x 782 (4th Cir. 2018). Therefore, the Court should dismiss all claims against the Office of Executive Clemency.

## II. Official Capacity Claims

Next, the Complaint indicates that it asserts official capacity claims against Governor Cooper, Defendant Guy, and Defendant Loewe. (<u>See</u> Docket Entry 2 at 2-3.) To this extent, the claims will fail for the same reasons that claims fail against the

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

Office of Executive Clemency.  Although "state officials literally are persons[, ] a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Mich. Dep't. Of State Police, 491 U.S. 58, 71 (1989).  "Because a state is not a 'person' under [Section] 1983, it follows that state officials acting in their official capacities cannot be sued for damages under the statute."  Wells v. Northam, No. 3:18CV00040, 2018 WL 2978026, at *2 (W.D. Va. June 13, 2018) (unpublished) (citing Will, 491 U.S. at 71).  The Complaint states that (i) Governor Cooper serves as the "Governor of North Carolina," (ii) Defendant Guy serves as "Governor Cooper[']s Administra[tor]," and (iii) Defendant Loewe serves as "Assistant to the Governor Administrator."  (Docket Entry 2 at 2-3; see also Docket Entry 2-1.)  Therefore, all defendants qualify as state officials and, as such, no claim lies against them under Section 1983 for damages in their official capacities.

Accordingly, the Court should dismiss all official capacity damages claims against Governor Cooper, Defendant Guy, and Defendant Loewe.

## III. Individual Capacity Claims

As a final matter, the Complaint alleges that Plaintiff "ha[s] a pending [p]ardon of innocence with the Governor's office" (Docket Entry 2 at 4), and requests that it "be granted" (id. at 6).

According to the Complaint, Plaintiff has "written letters and []
called Gov[e]rnor[] Cooper['s] administration voi[c]ing [his]
concerns and yet to no avail."  (Id.)

Plaintiff "generally has no constitutional right to clemency."
Armando Soto v. North Carolina, Civ. Action No. 5:17-CT-03187, 2018
WL 7958118, at *1 (E.D.N.C. Sept. 27, 2018) (unpublished),
recommendation adopted, 2019 WL 1507405, at *1 (E.D.N.C. Apr. 5,
2019) (unpublished); see also Ohio Adult Parole Authority v.
Woodard, 523 U.S. 272, 283 (1998) (holding that "[t]here is [] no
substantive expectation of clemency").  Moreover, "[c]lemency is an
executive remedy, not a judicial remedy," and, as such, "the
decision to grant or deny clemency is left to the discretion of the
governor."  Armando Soto, 2018 WL 7958118, at *2; see also N.C.
Const. art. III, § 5(6) (defining duties of the Governor of North
Carolina to include clemency).  Additionally, although "truly
outrageous clemency procedures [may] rise to the level of a due
process violation . . . Plaintiff's wholly conclusory allegation[s]
. . . fail[] to state any due process violation."  Id. (internal
citations omitted).

Further, "[b]ecause the doctrine of respondeat superior has no
application under [S]ection 1983, Governor Cooper cannot be held
liable under [Section] 1983 simply because of the position he
occupies as Governor of North Carolina."  Bunting v. Cooper, Civ.
Action No. 5:17-CT-3098, 2017 WL 5639948, at *3 (E.D.N.C. May 23,

2017) (unpublished) (internal quotation marks and citation omitted), recommendation adopted, 2017 WL 2692617 (E.D.N.C. June 22, 2017) (unpublished), aff'd, 700 F. App'x 315 (4th Cir. 2017). "[A] successful individual capacity claim must allege that the defendant was personally involved in the deprivation of [Plaintiff]'s rights." Id. (citing Iqbal, 556 U.S. at 676, and Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691-92 (1978)). The Complaint lacks any such allegations against Governor Cooper.

In addition, beyond naming them as Defendants, the Complaint does not even so much as mention Defendant Guy or Defendant Loewe. (See id. at 4-7.) The Complaint's aforementioned attachment, the letter addressed to Plaintiff from the Office of Executive Clemency (see Docket Entry 2-1), does bear Defendant Loewe's signature in her capacity as "Assistant to Governor's Clemency Administrator," however, the letter merely (i) advises Plaintiff that "all necessary documentation for [him] to be considered for a pardon has been received," (ii) provides the relevant case number, and (iii) informs him of the events to follow. (Id.)

Thus, even considered collectively, the Complaint and its attached document fail to establish a Section 1983 claim against Governor Cooper, Defendant Guy, and Defendant Loewe due to the lack of factual matter suggesting that any of those defendants violated Plaintiff's constitutional rights. See American Mfrs. Mut. Ins.

<u>Co.</u>, 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim); <u>see also</u> <u>Jones v. Chandrasuwan</u>, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

Put another way, nothing in the record indicates in any way that Governor Cooper, Defendant Guy, and Defendant Loewe engaged in any violation of Plaintiff's constitutional rights as remains necessary to state a plausible Section 1983 claim. <u>See</u> <u>Iqbal</u>, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). The Court should therefore dismiss all individual capacity claims alleged against Governor Cooper, Defendant Guy, and Defendant Loewe, as well as any official capacity claim against them for injunctive relief, for failure to state a claim.

## CONCLUSION

In sum, the Office of Executive Clemency does not qualify as a "person" subject to suit under Section 1983, Plaintiff's claims for damages against Governor Roy Cooper, Defendant Guy, and Defendant Loewe in their official capacities constitute claims against the State, not a "person" as required under Section 1983, Plaintiff has no constitutional right to clemency, and Plaintiff has otherwise failed to allege a plausible claim for relief against

Governor Cooper, Defendant Guy, and Defendant Loewe in their individual capacities, or for purposes of injunctive relief in their official capacities.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

_____/s/ L. Patrick Auld_____
**L. Patrick Auld**
**United States Magistrate Judge**

November 22, 2019